UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION<br>1536 Wynkoop, Suite B501<br>Denver, CO 80202,<br><br>and<br><br>JEREMY NICHOLS<br>1536 Wynkoop, Suite B501<br>Denver, CO 80202,<br><br>       Plaintiffs,<br><br>   v.<br><br>STEPHEN L. JOHNSON, in his official<br>capacity as Administrator,<br>United States Environmental Protection Agency<br>Ariel Ross Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>       Defendant. | Civil No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1.     Plaintiffs ROCKY MOUNTAIN CLEAN AIR ACTION ("Clean Air Action") and JEREMY NICHOLS challenge the failure of Defendant, STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") to perform mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V permit. 42 U.S.C. §

1

7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition filed by Plaintiffs seeking EPA's objection to a Clean Air Act operating permit for the Public Service Company's Fort Saint Vrain Power Station ("Ft. St. Vrain Station") and a petition filed by Plaintiffs seeking EPA's objection to a Clean Air Act operating permit for the GCC Dacotah cement plant ("GCC Dacotah"). Plaintiffs filed their Ft. St. Vrain Station petition on August 6, 2005, and their GCC Dacotah petition on January 12, 2006. Despite the passage of well over 60 days in each instance, Defendant has not responded to Plaintiffs' petitions. Plaintiffs bring this action to ensure that the Ft. St. Vrain Station and GCC Dacotah will not emit pollution in excess of what the Clean Air Act allows.

## II. JURISDICTION, VENUE, AND NOTICE

2.     This is a Clean Air Act citizen suit. Thus this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2). The Clean Air Act is a federal statute. Thus this Court also has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. § 1331 (federal question). An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus this court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

3.     A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, Defendant Stephen Johnson officially resides in the District of Columbia. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

4.     On October 11, 2005, Plaintiffs mailed a letter via certified mail to Defendant Stephen L. Johnson stating that Plaintiffs intended to sue Defendant for failure to respond to Plaintiffs'

petition for an objection to the Ft. St. Vrain Station Title V permit within 60 days. The certified mail return receipt is signed as received as of October 17, 2005. On October 21, 2005, EPA sent Plaintiffs a letter confirming EPA received Plaintiffs' letter dated October 11, 2005.

5. On March 21, 2006, Plaintiffs mailed a letter via certified mail to Defendant Stephen L. Johnson stating that Plaintiffs intended to sue Defendant for failure to respond to Plaintiffs' petition for an objection to the GCC Dacotah permit within 60 days. The certified mail return receipt is signed as received on March 27, 2006. On April 11, 2006, EPA sent Plaintiffs a letter confirming EPA received Plaintiffs' letter dated March 21, 2006.

6. More than 60 days have passed since Defendant received Plaintiffs' notice of intent to sue letters. Defendant has not remedied the violations alleged in this Compliant. Therefore, an actual controversy exists between the parties.

### III. PARTIES

7. Plaintiff ROCKY MOUNTAIN CLEAN AIR ACTION ("Clean Air Action") is a non-profit corporation with its headquarters in Denver, Colorado. Clean Air Action is actively involved in environmental protection advocacy as part of its mission to protect clean air in Colorado and the surrounding Rocky Mountain region, including the Black Hills region of South Dakota, for the health and sustainability of local communities. As one method of achieving its organizational mission, Clean Air Action participates in permitting processes for facilities that emit pollution. Clean Air Action commented on the GCC Dacotah Title V permit. Clean Air Action's organizational interest in participating in and influencing the permit decision-making process is injured by EPA's failure to respond to Clean Air Action's GCC Dacotah petition.

8. Clean Air Action's members and volunteers live, work, recreate and engage in other economic activities in the Rapid City, South Dakota area, and will continue to do so regularly in

the future. As a result, Clean Air Action's members and volunteers breathe air, recreate and engage in other economic activities in an environment containing pollutants released by GCC Dacotah. Emissions from GCC Dacotah are causing harm to the health of Clean Air Action's members and volunteers and to the ecosystems in which they live, work, recreate, and engage in other economic activities, and will continue to do so in the future. Because Defendant has not responded to their petition, Clean Air Action's members and volunteers cannot be certain that GCC Dacotah's Title V permit conforms to the Clean Air Act's pollution limits. Defendant's failure to respond thus prevents Clean Air Action's members and volunteers from being certain that the GCC Dacotah Title V permit protects them from exposure to pollutants emitted by that facility which are in excess of legal limits.

9.   Clean Air Action members and volunteers live, work, recreate, garden and engage in economic activities in and around Metro-Denver, and will continue to do so on a regular basis in the future. As a result, Clean Air Action's members and volunteers breathe air, recreate and engage in other economic activities in an environment containing pollutants released by Ft. St. Vrain Station. Emissions from Ft. St. Vrain Station are causing harm to their health and to the ecosystems in which they live, work, recreate, and engage in other economic activities, and will continue to do so in the future. Because Defendant has not responded to their petition, Clean Air Action's members and volunteers cannot be certain that Ft. St. Vrain Station's Title V permit conforms to the Clean Air Act's requirements. Defendant's failure to respond thus prevents Clean Air Action's members and volunteers from being certain that the Ft. St. Vrain Title V permit protects them from exposure to pollutants emitted by that facility which are in excess of legal limits.

10.   Plaintiff Jeremy Nichols is a resident of Denver, Colorado, an avid bicycle rider,

outdoor enthusiast, and father of a four-year old son. Mr. Nichols is deeply concerned about air quality and its effects on the health and welfare of people, plants, and animals.

11.  EPA's failure to respond to the Ft. St. Vrain Station petition adversely affects Mr. Nichols. The Ft. St. Vrain Station adversely affects, and will continue to do so regularly, the air that Mr. Nichols and his son breathe by releasing nitrogen oxides, volatile organic compounds, and other pollutants. EPA has identified these pollutants as threats to human health and welfare. Mr. Nichols has observed the Ft. St. Vrain Station and its pollution on numerous occasions and will continue to do so regularly in the future. Mr. Nichols finds the plant, its stack, and the pollution it emits, aesthetically displeasing.

12.  Mr. Nichols regularly visits and enjoys Rapid City, South Dakota, and the Black Hills region, and plans to do so regularly in the future. Pollution from the GCC Dacotah cement plant impacts air quality in Rapid City, South Dakota and the Black Hills region. The plant is a major source of air pollution and releases hazardous air pollutants, particulate matter and other pollutants EPA identified as threats to human health and welfare. The GCC Dacotah cement plant thus has an adverse effect on the air that Mr. Nichols breathes when he is near Rapid City, South Dakota. Additionally, the pollution from the GCC Dacotah cement plant interferes with Mr. Nichols' ability to enjoy the Black Hills and surrounding areas. Mr. Nichols' recreational, aesthetic and spiritual interests in camping, hiking and viewing wildlife such as Black Hills mountainsnails and American dippers in the vicinity of the GCC Dacotah cement plant are now, and will continue to be, adversely affected by the air pollution emitted by that facility. Mr. Nichols has observed the plant and its emissions on several occasions during his visits to the area, will continue to do so in the future, and finds the plant and its pollution to be aesthetically displeasing.

13. Mr. Nichols' interest in protecting the air that he and his son breathe, in bicycling and recreating in a healthy environment, and in protecting clean air for other people, plants, and animals are adversely affected by EPA's failure to timely respond to his petitions. Moreover, if the Ft. St. Vrain Station and GCC Dacotah Title V permits do not comply with the Clean Air Act, Mr. Nichols will be exposed to pollutants from those facilities which are in excess of legal levels. EPA's failure to respond thus prevents Mr. Nichols from being certain that the Ft. St. Vrain Station and GCC Dacotah Title V permits protect him from exposure to pollutants emitted by those facilities which are in excess of legal limits.

14. For the foregoing reasons, EPA's failure to respond to Plaintiffs' petitions has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries, which are traceable to EPA's failure to act and will be redressed by EPA's action.

15. Defendant STEPHEN L. JOHNSON is the Administrator of the United States Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Plaintiffs' petitions within 60 days.

## IV. LEGAL BACKGROUND

### Title V

16. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the CAA created an operating permit program that applies to all major sources of air pollution – the Title V permit program. See 42 U.S.C. §§ 7661-7661f.

17. A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control

requirements that apply to a source of emissions. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

18.    The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator approved Colorado's Title V permit program. 65 Fed. Reg. 49,919 (Aug. 16, 2000). The Air Pollution Control Division of the Colorado Department of Public Health and Environment ("APCD") is responsible for issuing Title V permits in Colorado. The Administrator approved South Dakota's Title V permit program. 61 Fed. Reg. 2720 (Jan. 29, 1996). The South Dakota Department of Environment and Natural Resources ("DENR") is responsible for issuing Title V operating permits in South Dakota.

19.    Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward a proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). However, EPA does not review most proposed Title V permits forwarded to it by state permitting agencies.

20.    After EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

21.    Once it receives a petition for objection to a Title V permit, EPA must grant or deny that petition within 60 days. Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

7

## V. STATEMENT OF FACTS

### BACKGROUND

### Ft. St. Vrain Station

22. Public Service Company's Ft. St. Vrain Power Station is a large power plant. Operation of the Ft. St. Vrain Station releases nitrogen oxides, carbon monoxide, particulate matter, volatile organic compounds, and hazardous air pollutants, all of which have been identified by the EPA as reasonably anticipated to endanger public health and welfare. The Ft. St. Vrain Station has the potential to release 2,447,800 pounds of nitrogen oxides per year, 2,392,200 pounds of carbon monoxide per year, and 296,600 of particulate matter less than 10 microns in size per year.

23. Colorado APCD issued a draft Title V operating permit for the Ft. St. Vrain Station (Permit No. 97OPWE180) and granted the public a period to comment on this draft permit.

24. Colorado APCD subsequently proposed the Ft. St. Vrain Station Title V permit to EPA.

25. EPA did not object on its own initiative to the Ft. St. Vrain Station Title V permit during its 45-day review period. This 45-day period expired on June 20, 2005.

26. Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiffs thus had until on or around August 18, 2005, to petition EPA for an objection to the permit. EPA received Plaintiffs' petition for an objection to the Ft. St. Vrain Station Title V permit no later than August 9, 2005.

27. The petition raised six issues with respect to the legality of the Ft. St. Vrain Station Title V permit: (1) failure to require best available control technology for emissions of nitrogen oxides; (2) failure to set and ensure compliance with enforceable nitrogen oxide limits; (3) failure to meet compliance assurance monitoring requirements; (4) failure to require opacity monitoring; (5) failure to set and ensure compliance with enforceable carbon monoxide limits;

and (6) flaws in other permit conditions warranting an objection. Each of Plaintiffs' arguments were raised with reasonable specificity in Plaintiffs' comments to Colorado APCD during the initial public comment period.

28.    EPA had until no later than October 8, 2005, to grant or deny the Ft. St. Vrain Station petition. 42 U.S.C. § 7661d(b)(2). EPA still has not granted or denied the petition as of the date of filing this complaint.

### GCC Dacotah Cement Plant

29.    GCC Dacotah operates a Portland cement manufacturing facility in Rapid City, South Dakota. On-site quarrying activities result in emissions of air pollutants. Coal is transported by railcar for use as a heat source for the manufacturing process, and the transportation and combustion of coal releases air pollution. Limestone is processed through crushers, screens, storage facilities, conveyors and mills to be used in manufacturing cement. Finished cement is stored on site before being bagged or bulk loaded on trucks and railcars. Processing and storage of cement releases air pollution.

30.    The manufacture of cement at GCC Dacotah results in emissions of mercury, carbon dioxide, particulate matter, sulfur dioxide, nitrogen oxides, volatile organic compounds, and carbon monoxide.

31.    The plant has the potential to emit 55,167 tons per year—or over 110 million pounds per year—of particulate matter less than 10 microns in size ("$PM_{10}$"). According to the EPA, particulate matter less than 10 microns in size is small enough to get into human lungs and causes respiratory ailments and incidences of asthma.

32.    The amount of NOx released by the plant is the equivalent to the emissions of 223,246 cars each driven 12,500 miles per year (according to the EPA, an average vehicle emits 38.2

pounds of NOx per year).

33. South Dakota DENR issued a draft Title V operating permit for the GCC Dacotah cement plant (Permit No. 28.1121-02) and granted the public a period to comment on this draft permit.

34. DENR subsequently proposed the GCC Dacotah cement plant Title V permit to EPA.

35. EPA did not object on its own initiative to the GCC Dacotah cement plant Title V permit during its 45-day review period. This 45-day period expired on December 18, 2005.

36. Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiffs thus had until on or around February 16, 2006, to petition EPA for an objection to the permit. Plaintiffs petitioned EPA to object to the permit on January 18, 2006.

37. The petition raised four primary issues with respect to the GCC Dacotah cement plant Title V permit: (1) failure to require BACT for $SO_2$, $PM_{10}$, NOx, and CO emissions; (2) failure to require sufficient particulate matter monitoring to ensure compliance with MACT standards; (3) failure to require prompt reporting of permit deviations; and (4) problems with six other permit conditions. Plaintiffs' raised these arguments with reasonable specificity in Plaintiffs' comments to DENR during the initial public comment period.

38. EPA had until no later than March 19, 2006 to grant or deny the GCC Dacotah cement plant Title V petition. 42 U.S.C. § 7661d(b)(2). EPA still has not granted or denied the petition as of the filing of this complaint.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FAILURE TO RESPOND TO PLAINTIFFS' PETITION FOR OBJECTION TO THE FT. ST. VRAIN TITLE V PERMIT

(CAA 42 U.S.C. 7661d(b)(2))

39. Each allegation set forth in the complaint is incorporated herein by reference.

40. EPA has a mandatory duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Ft. St. Vrain Title V Operating Permit pursuant to 42 U.S.C § 7661d(b)(2) ("the Administrator shall grant or deny such petition within 60 days after the petition is filed").

41. It has been more than 60 days since EPA received Plaintiffs' petition requesting EPA object to the Ft. St. Vrain Title V permit.

42. Defendant has not granted or denied Plaintiffs' Ft. St. Vrain Title V petition.

43. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

44. Therefore, EPA has violated and remains in violation of, its non-discretionary duty to grant or deny Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

### SECOND CLAIM FOR RELIEF

### FAILURE TO RESPOND TO PLAINTIFFS' PETITION FOR OBJECTION TO THE GCC DACOTAH TITLE V PETITION

(42 U.S.C. § 7661d(b)(2))

45. Each allegation set forth in the complaint is incorporated herein by reference.

46. EPA has a mandatory duty to respond within 60 days to Plaintiffs' petition requesting that

EPA object to the GCC Dacotah Title V Operating Permit pursuant to 42 U.S.C § 7661d(b)(2) ("the Administrator shall grant or deny such petition within 60 days after the petition is filed").

47. It has been more than 60 days since EPA received Plaintiffs' petition requesting EPA object to the GCC Dacotah Title V permit.

48. Defendant has not granted or denied Plaintiffs' GCC Dacotah Title V petition.

49. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

50. Therefore, EPA has violated and remains in violation of, its non-discretionary duty to grant or deny Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A)  Declare that Defendant's failure to grant or deny Plaintiffs' petition for an objection to the Ft. St. Vrain Station Title V permit constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of 42 U.S.C. § 7604(a)(2).

B)  Declare that Defendant's failure to grant or deny Plaintiffs' petition for an objection to the GCC Dacotah Title V permit constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of 42 U.S.C. § 7604(a)(2).

C)  Order Defendant to grant or deny Plaintiffs' petitions for an objection to the Ft. St. Vrain Station and GCC DacotahTitle V permits in accordance with an expeditious schedule prescribed by the Court.

D)  Retain jurisdiction of this action to ensure compliance with the Court's Order.

E)    Award plaintiffs the costs of litigation, including reasonable attorney fees; and

F)    Grant such other relief as the Court deems just and proper.

                                            Respectfully submitted,

                                         /s/ _____
                                         Robert Ukeiley (MD14062)
                                         Law Office of Robert Ukeiley
                                         433 Chestnut Street
                                         Berea, KY 40403
                                         Tel: (859) 986-5402
                                         Fax: (859) 986-1299
                                         E-mail: rukeiley@igc.org

                                         Counsel for Plaintiffs

Dated: November 21, 2006

06-1992
JR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Rocky Mountain Clean Air Action
Jeremy Nichols

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
859-786-5402

## DEFENDANTS
Stephen L. Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:06CV01992
JUDGE: James Robertson
DECK TYPE: Administrative Agency Review
DATE STAMP: 11/21/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND [DEFENDANT]

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊗ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- (●) 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Clean Air Act Citizen Suit, 42 U.S.C. § 7604

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/16/06   SIGNATURE OF ATTORNEY OF RECORD _____

2/

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.