UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 06-01992 |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency ) ) ) ) ) ) | |
| Defendant. ) ) | |

**ANSWER**

Defendant Stephen L. Johnson, Administrator of the United States Environmental Protection Agency (hereinafter referred to as "EPA"), respond to the allegations in the complaint as follows:

1.       The first sentence of Paragraph 1 characterizes the plaintiffs' cause of action and so requires no response.  The second sentence characterizes a federal statute, which speaks for itself, and so requires no response.  EPA admits the allegations in the third, fourth, and fifth sentences.  The sixth sentence characterizes the plaintiffs' cause of action and so requires no response.

2.       The first sentence of Paragraph 2 characterizes plaintiffs' cause of action and so requires no response.  The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response.  EPA admits the allegation in the third sentence.  The fourth and fifth sentences contain conclusions of law, not allegations of fact, and so require no

response.  The sixth sentence characterizes the plaintiffs' cause of action and so requires no response.  The seventh and eighth sentences contain conclusions of law, not allegations of fact, and so require no response.

      3.      EPA admits the allegations in the first and second sentences.   The third sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

      4.      EPA admits the allegation in the first sentence of Paragraph 4 that plaintiffs sent a letter to EPA via certified mail on October 11, 2005.  The remainder of the first sentence characterizes the contents of that letter, which speaks for itself, and so requires no response.  EPA admits the allegations in the second sentence.  EPA admits the allegation in the third sentence that EPA sent a letter dated October 21, 2005, to plaintiffs.  The remainder of the third sentence characterizes the contents of that letter, which speaks for itself, and so requires no response.

      5.      EPA admits the allegation in the first sentence of Paragraph 4 that plaintiffs sent a letter to EPA via certified mail on March 21, 2006.  The remainder of the first sentence characterizes the contents of that letter, which speaks for itself, and so requires no response.  EPA admits the allegations in the second sentence.  EPA admits the allegation in the third sentence that EPA sent a letter dated April 11, 2006, to plaintiffs.   The remainder of the third sentence characterizes the contents of that letter, which speaks for itself, and so requires no response.

      6.      EPA admits the allegation in the first sentence of Paragraph 6. EPA denies the allegation in the second sentence.  The third sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

7. EPA is without information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 7 and so denies the same. EPA admits the allegation in the fourth sentence. The fifth sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

8. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and so denies the same.

9. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and so denies the same.

10. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and so denies the same.

11. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and so denies the same.

12. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and so denies the same.

13. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and so denies the same.

14. Paragraph 14 contains conclusions of law, not allegations of fact, and so requires no response.

15. EPA admits the allegation in the first sentence of Paragraph 15. The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

16. Paragraph 16 characterizes a federal statute, which speaks for itself, and so requires no response.

17. Paragraph 17 characterizes a federal statute and a judicial decision, which speak for themselves, and so requires no response.

18. The first sentence of Paragraph 18 characterizes a federal statute, which speaks for itself, and so requires no response.  The second sentence characterizes a Federal Register notice, which speaks for itself, and so requires no response.  EPA admits the allegation in the third sentence.  The fourth sentence characterizes a Federal Register notice, which speaks for itself, and so requires no response.   EPA admits the allegation in the fifth sentence.

19. The first three sentences of Paragraph 18 characterize federal statutes, which speak for themselves, and so require no response.  The allegations in the fourth sentence are too vague and generalized to admit or deny and so EPA denies the same.

20. Paragraph 20 characterizes a federal statute, which speaks for itself, and so requires no response.

21. Paragraph 21 characterizes a federal statute and judicial decision, which speak for themselves, and so requires no response.

22. EPA admits the allegations in the first sentence of Paragraph 22 except to the extent that the power station referenced therein is alleged to be "large."  That modifier is too vague and generalized to admit or deny and so EPA denies the same.  EPA admits the allegations in the second and third sentences.

23. EPA admits the allegations in Paragraph 23.

24. EPA admits the allegations in Paragraph 24.

25. EPA admits the allegations in Paragraph 25.

26. The first sentence of Paragraph 26 characterizes a federal statute, which speaks

for itself, and so requires no response.  EPA admits the allegations in the second sentence.

27. The first sentence of Paragraph 27 characterizes plaintiffs' petition, which speaks for itself, and so requires no response.  The second sentence conclusions of law, not allegations of fact, and so requires no response.

28. The first sentence of Paragraph 28 contains a conclusion of law, not an allegation of fact, and also characterizes a federal statute, which speaks for itself, and so requires no response.  EPA denies the allegations in the second sentence.

29. EPA admits the allegations in Paragraph 29.

30. EPA admits the allegations in Paragraph 30.

31. EPA admits the allegations in the first sentence of Paragraph 31.  EPA admits the allegations in the first sentence of Paragraph 31.  With respect to the second sentence, EPA admits only that small particles less than 10 micrometers in diameter can get deep into your lungs and that numerous scientific studies have linked particle pollution exposure to a variety of respiratory problems, including increased respiratory symptoms, such as irritation of the airways, coughing, or difficulty breathing, for example; decreased lung function; aggravated asthma; and development of chronic bronchitis.

32. EPA admits the allegations in Paragraph 32.

33. EPA admits the allegations in Paragraph 33.

34. EPA admits the allegations in Paragraph 34.

35. EPA admits the allegations in Paragraph 35.

36. The first sentence of Paragraph 36 contains a conclusion of law, not an allegation of fact, and also characterizes a federal statute, which speaks for itself, and so requires no

response.  EPA admits the allegations in the second sentence.

37. The first sentence of Paragraph 37 characterizes plaintiffs' petition, which speaks for itself, and so requires no response.  The second sentence contains conclusions of law, not allegations of fact, and so requires no response.

38. The first sentence of Paragraph 38 contains a conclusion of law, not an allegation of fact, and also characterizes a federal statute, which speaks for itself, and so requires no response.  EPA admits the allegations in the second sentence.

39. Paragraphs 1-38 are incorporated herein.

40. Paragraph 40 contains a conclusion of law, not an allegation of fact, and so requires no response.

41. EPA admits the allegations in Paragraph 41.

42. EPA denies the allegations in Paragraph 42.

43. Paragraph 43 contains a conclusion of law, not an allegation of fact, and so requires no response.

44. Paragraph 44 contains a conclusion of law, not an allegation of fact, and so requires no response.

45. Paragraphs 1-45 are incorporated herein.

46. Paragraph 46 contains a conclusion of law, not an allegation of fact, and so requires no response.

47. EPA admits the allegations in Paragraph 47.

48. EPA admits the allegations in Paragraph 48.

49. Paragraph 49 contains a conclusion of law, not an allegation of fact, and so

requires no response.

50. Paragraph 50 contains a conclusion of law, not an allegation of fact, and so requires no response.

51. All allegations not expressly admitted are denied.

### AFFIRMATIVE DEFENSE

The Court is without subject matter jurisdiction over the plaintiffs' claim for relief with respect to the administrative petition asking EPA to object to the operating permit issued to the Public Service Company for Ft. Vrain Power Station. Because EPA acted on that petition on February 5, 2007, this claim is moot.

WHEREFORE, EPA asks that the complaint be denied.

Respectfully submitted,

MATTHEW K. MCKEOWN
ACTING ASSISTANT ATTORNEY GENERAL

/s/ EILEEN T. MCDONOUGH
Environmental Defense Section
United States Department of Justice
Post Office Box 23986
Washington, D.C. 20026-3986
telephone: (202) 514-3126
telefax: (202) 514-8865
eileen.mcdonough@usdoj.gov

Dated: February 5, 2007