IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency <br><br> Defendant. | Civil Action No. 06-01992 |

**JOINT MOTION TO ENTER CONSENT DECREE**

1.  Plaintiffs Rocky Mountain Clean Air Action and Jeremy Nichols filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant, Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA") failed to perform a duty mandated by CAA section 505(b)(2), 42 § U.S.C. § 7661d, to grant or deny, within 60 days, petitions submitted by Plaintiffs requesting that EPA object to CAA permits issued by the appropriate state agencies to the Public Service Company's Fort Saint Vrain Power Station ("Ft. St. Vrain Station") and the GCC Dacotah cement plant ("GCC Dacotah").

2.  The parties have negotiated a Consent Decree that resolves all claims in the Complaint except as to the issue of costs of litigation, including attorneys' fees. The Consent Decree provides that it could not be finalized and entered by the Court until EPA had complied with the requirements for public notice and comment established by Clean Air Act section 113(g), 42 U.S.C. § 7413(g).

3.      On April 5, 2007, EPA filed a notice lodging the Consent Decree with the Court and began the process required by section 113(g). This process has now been completed. EPA has decided not to withhold its consent to the Consent Decree as authorized by section 113(g) of the Act. The Department of Justice ("DOJ") concurs in EPA's conclusion that consent to the Consent Decree should not be withheld.

4.      The parties now jointly move the Court to enter the Consent Decree attached to this motion as the judgment of the Court by signing the Consent Decree. The Consent Decree submitted to the Court for entry differs from the version lodged with the Court only in that (1) Paragraph 15, which provided for notice and comment under 42 U.S.C. § 7413(g), has been deleted as moot and (2) the paragraphs have been renumbered as appropriate given this change.

## CONCLUSION

For these reasons, the Court should enter the Consent Decree.

Respectfully submitted,

/s/ ROBERT UKEILEY
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

MATTHEW J. MCKEON
Acting Assistant Attorney General
Env. & Natural Resources Division

/s/ EILEEN T. MCDONOUGH
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-3126
eileen.mcdonough@usdoj.gov

Of Counsel for Defendant:

DAVID ORLIN
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

ELYANA SUTIN
U.S. Environmental Protection Agency
Office of Regional Counsel
MC: 8RC
1595 Wynkoop St.
Denver, CO  80202-1129
Fax (303) 312-6859

May 14, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-01992 |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Upon consideration of the Joint Motion to Enter Consent Decree, it is hereby ordered that the motion is granted. The Court will sign the Consent Decree submitted by the parties as the judgment of this Court.

SO ORDERED on this ____ day of _____, 2007.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency <br><br> Defendant. | Civil Action No. 06-01992 |

**CONSENT DECREE**

WHEREAS, Plaintiffs Rocky Mountain Clean Air Action and Jeremy Nichols filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant, Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA") failed to perform a duty mandated by CAA section 505(b)(2), 42 § U.S.C. § 7661d, to grant or deny, within 60 days, petitions submitted by Plaintiffs requesting that EPA object to CAA permits issued by the appropriate state agencies to the Public Service Company's Fort Saint Vrain Power Station ("Ft. St. Vrain Station") and the GCC Dacotah cement plant ("GCC Dacotah").

WHEREAS, Plaintiffs and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation.

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter.

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Because EPA took final action on Plaintiffs' Clean Air Act Title V petition regarding the Ft. St. Vrain Station on February 5, 2007, Plaintiffs' claim for relief with respect to that petition is dismissed as moot except as to the issue of costs of litigation, including attorneys' fees.

2. This Court has subject matter jurisdiction over the claims set forth in the First Complaint related to Plaintiffs' administrative petition on the GCC Dacotah permit and to order the relief contained in this Decree. Venue is proper in the United States District Court for the District of Columbia.

3. No later than June 15, 2007, EPA shall sign a decision, pursuant to 42 U.S.C. §§ 7661d(b)(2), taking final action on Plaintiffs' Clean Air Act Title V petition on the GCC Dacotah permit.

4. Within 15 business days following signature of such response(s), EPA shall deliver notice of such action on the GCC Dacotah permit to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any step (other than as necessary to correct within 10 business days after submittal any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

5.      Any provision of this Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

6.      Plaintiffs and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

7.      The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to execution of this Decree is hereby extended until 60 days after this Decree is entered by the Court. During this 60-day period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution. Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

8.      Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree, including the discretion to alter, amend or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in Paragraph 3 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9.      Nothing in this decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final EPA action may take with respect to the title V permits for GCC Dacotah.

10. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Decree shall be construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

11. The obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

12  Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiffs:

ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Fax: (866) 618-1017

For Defendant:

EILEEN T. MCDONOUGH
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Fax (202) 514-8865

DAVID ORLIN
U.S. Environmental Protection Agency
Office of General Counsel

4

ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Fax (202) 564-5603

ELYANA SUTIN
U.S. Environmental Protection Agency
Office of Regional Counsel
MC: 8RC
1595 Wynkoop St.
Denver, CO 80202-1129
Fax (303) 312-6859

  13. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

  14. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under Paragraph 3 and 4 have been completed, and the Plaintiffs' claims for costs of litigation have been resolved pursuant to the process described in Paragraph 7, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

  15. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

  SO ORDERED on this ____ day of _____, 2007.

                _____
                JAMES ROBERTSON
                UNITED STATES DISTRICT JUDGE

SO AGREED:

FOR PLAINTIFFS

   /s/ ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax:: (866) 618-1017
 E-mail: rukeiley@igc.org

DATED:        May 14, 2007


FOR DEFENDANT

MATTHEW J. MCKEON
Acting Assistant Attorney General
Env. & Natural Resources Division

   /s/ EILEEN T. MCDONOUGH
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-3126
Fax (202) 514-8865
eileen.mcdonough@usdoj.gov

DATED:        May 14, 2007

Of Counsel for Defendant:

DAVID ORLIN
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.

ELYANA SUTIN
U.S. Environmental Protection Agency
Office of Regional Counsel
MC: 8RC
1595 Wynkoop St.
Denver, CO  80202-1129
Fax (303) 312-6859